UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLINTON PARKER, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-999 |
| | § | |
| HYPERDYNAMICS CORPORATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court are motions for appointment as lead plaintiff and for approval of their respective counsel as lead counsel brought pursuant to the Private Securities Litigation Reform Act of 1995[1] ("PSLRA"), which amended the Securities Exchange Act of 1934.[2] Five such motions remain active, including those filed by Raffi Francian ("Francian") (Doc. 6), Roy Lui ("Lui") (Doc. 13), Richard Cuneo ("Cuneo") (Doc. 16), Eric P. Rusby and the Lucille Wakefield Trust[3] (the "Rusby Family") (Doc. 22), and Fiona Hansen ("Hansen") (Doc. 25).[4] Relevant later filings include Hansen's response to the motions for appointment as lead plaintiff (Doc. 31), recognizing that she does not claim the largest financial interest in the relief sought by the class, and Cuneo's notice of non-opposition to the appointment of Francian as lead plaintiff (Doc. 32), recognizing Francian's larger financial interest. Because, as described below, the Court's threshold inquiry is its comparison of financial interests, these later filings have the

---

[1] Pub. L. No. 104-67, 109 Stat. 737 (codified as amended in scattered sections of 15 U.S.C. (2012)).
[2] Pub. L. No. 73-291, 48 Stat. 881 (codified as amended at 15 U.S.C. § 78 (2012)).
[3] Eric P. Rusby is the trustee of the Lucille Wakefield Trust. Doc. 23 at 3 n.1; Doc. 24 Ex. A.
[4] Additional documents that have been filed with these motions include: by Francian, his memorandum in support (Doc. 7) and the declaration of William B. Federman (Doc. 8); by Lui, the declaration of Karen M. Alvarado (Doc. 14) and his memorandum in support (Doc. 15); by Cuneo, his memorandum in support (Doc. 17) and the declaration of Joseph R. Seidman, Jr. (Doc. 18); by the Rusby Family, its memorandum in support (Doc. 23), the declaration of Jeff Joyce (Doc. 24), and its memorandum in further support (Doc. 30); by Hansen, the declaration of Andrew M. Edison (Doc. 26).

effect of whittling the number of competing plaintiffs down to three:

      1. Raffi Francian

      2. Roy Lui

      3. Eric P. Rusby and the Lucille Wakefield Trust

Only if the Court were unable to appoint a lead plaintiff from this group would the inquiry have to extend to the other two plaintiffs; such an expansion, however, is unnecessary.

Having considered the motions, the facts in the record, and the applicable law, the Court finds that the Rusby Family's motion should be granted and, therefore, the Rusby Family should be appointed as lead plaintiff and its choice of counsel approved.

### I. Background

This is a securities fraud class action brought pursuant to the Securities Exchange Act of 1934 and on behalf of all persons who acquired the publicly traded securities of Hyperdynamics Corporation ("Hyperdynamics," or the "Company") between and including February 17, 2011, and February 15, 2012 (the "Class Period"). Compl. ¶ 1, Doc. 1. Both Hyperdynamics and its President and Chief Executive Officer, Ray Leonard (collectively, "Defendants"), are named as defendants. *Id.*

The allegations in the Complaint are that "[d]uring the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results. As a result . . . , Hyperdynamics stock traded at artificially inflated prices during the Class Period, reaching a high of $6.35 per share on March 4, 2011." *Id.* ¶ 3. Later, however, after the reality of the Company's situation was exposed, the stock dropped precipitously, closing "at $1.44 per share on February 16, 2012." *Id.* ¶¶ 4-13.

On April 3, 2012, one day after the Complaint was filed, notice to the class members was

published in *Business Wire*, a widely circulated national business-oriented wire service. *See* Doc. 8-3 Ex. C; Doc. 14-1 Ex. A; Doc. 24-3 Ex. C. On June 1, 2012, a motion to be appointed as lead plaintiff and to approve the lead plaintiff's choice of counsel was filed by Francian, and on June 4, 2012, by both Lui and by the Rusby Family.

## II. Legal Standard

In securities fraud class actions, the court appoints the "most adequate plaintiff" to serve as "lead plaintiff" representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a presumption that the most adequate plaintiff is the one who: (1) filed the complaint or a motion for appointment; (2) has the largest financial interest in the relief sought by the class; and (3) satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. *See Berger v. Compaq Computer Corp.*, 257 F.3d 475, 477 (5th Cir. 2001) (citing 15 U.S.C. § 78u-4(a)(3)(B)(i)-(iii)). This presumption can be rebutted only by proof that the presumptive lead plaintiff either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

## III. Discussion

The only comparative prong of the "most adequate plaintiff" test is that which requires determination of who has "the *largest* financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) (emphasis added). The other two prongs—filing the complaint or a motion for appointment and satisfying the requirements of Rule 23—are binary. As a result, the Court's analysis is as follows: first, comparing the plaintiffs' financial interests; second, asking whether the one with the largest interest meets the remaining requirements.[5] If the

---

[5] The PSLRA is unequivocal in its imposition of precise time requirements: all motions for appointment as lead plaintiff must be filed within 60 days of the publication of notice to class members. 15 U.S.C. § 78u-4(a)(3)(A)(i).

answer is in the affirmative, then the Court must appoint that plaintiff as lead plaintiff.

### A. Largest Financial Interest

Though the PSLRA does not delineate a procedure for determining the largest financial interest among the proposed class members, this Court has adopted a calculation based on four relevant factors: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs. *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002) (citing *Lax v. First Merchants Acceptance Corp.*, No. 97 Civ. 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)).

Here, the two common calculations offered by each of the three competing plaintiffs are the number of shares purchased during the Class Period and the approximate losses suffered; therefore, only these two factors will be considered. The results of the parties' calculations are: for Francian, 100,000 shares purchased and $217,300.00 in losses suffered (Doc. 7 at 2); for Lui, 72,861 shares purchased and $213,159.16 in losses suffered (Doc. 15 at 6); and for the Rusby Family, 1,720,980 shares purchased and $3,623,936.32 in losses suffered (individually, for Eric P. Rusby, 1,270,889 shares and $3,126,356.78; for the Lucille Wakefield Trust, 450,091 shares and $497,579.54) (Doc. 23 at 8-11). The result of the comparison, then, is crystal clear: by any conceivable measure, the Rusby Family has the largest financial interest and, provided that the Rule 23 typicality and adequacy requirements are met, should be appointed as lead plaintiff.

### B. Rule 23

Of the four prerequisites prescribed by Rule 23, the two that apply specifically to

---

As a preliminary matter, the Court notes that each plaintiff discussed herein filed a motion for appointment as lead plaintiff within 31 days of notice, and, as that element of the legal standard has clearly been satisfied, it does not merit further discussion or analysis.

individual class representatives, rather than the class as a whole, are typicality and adequacy.[6] Therefore, it is these two prerequisites that are directly relevant to the determination of the lead plaintiff. Although the inquiry at this stage of the litigation is not as searching as the one triggered by a subsequent motion for class certification, the proposed lead plaintiff must make at least a preliminary showing of compliance. *In re Enron*, 206 F.R.D. at 441 (collecting cases).

### i. Typicality

The Fifth Circuit has held that "the test for typicality is not demanding": "the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (quoting *James v. City of Dallas,* 254 F.3d 551, 571 (5th Cir. 2001)).

The Rusby Family easily meets this standard. The allegation that forms the basis of this lawsuit is that the putative class suffered losses, first, because of the purchase of Hyperdynamics stock at inflated prices during the Class Period and, second, the subsequent collapse of the stock price. The Rusby Family's factual allegations are identical: a purchase of the stock at inflated prices during the Class Period followed by the steep loss of investment value. Consequently, the typicality requirement is satisfied.

---

[6] Rule 23 reads in relevant part:

> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

### ii. Adequacy

The standard for determining adequacy requires "an inquiry into [1] the zeal and competence of the representatives' counsel and [2] the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005) (quoting *Berger*, 257 F.3d at 479) (alterations and internal quotation marks omitted). Additionally, the PSLRA "require[s] that securities class actions be managed by active, able class representatives who are informed and can demonstrate they are directing the litigation." *Id.* (quoting *Berger*, 257 F.3d at 483) (internal quotation marks omitted).

The Rusby Family points out that, having suffered by far the greatest losses, it is now spurred by the greatest motivation, and, as evidence of that motivation, has selected law firms that are competent at and experienced in prosecuting securities class actions. Doc. 23 at 13. Indeed, the Court observes, it was the Rusby Family that took the initiative to file the most recent motion to extend deadlines (Doc. 39), thereby benefitting the putative class, including absentees, and the litigation as a whole. This is sufficient to make a preliminary showing of adequacy and, together with the other elements of the test, to entitle the Rusby Family to the presumption that it is the "most adequate plaintiff" to serve as lead plaintiff. Finally, this presumption must stand, as no "unique defenses" that might vitiate the ability to represent the class are apparent to the Court, and none have been cited by the other plaintiffs.

### C. Lead Counsel

In addition, the PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Rusby Family having shown a record of competence and experience for its

selected counsel, *see* Doc. 24-4, Ex. D; Doc. 24-5, Ex. E, and the Court having no reason to question this selection, the Rusby Family's choice of counsel should be approved.

### IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that the Rusby Family's Motion to be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Choice of Counsel (Doc. 22) is **GRANTED**. The Rusby Family is appointed Lead Plaintiff for the Class; the law firm of Brower Piven, A Professional Corporation, is appointed as Lead Counsel for the Class; and the law firm of Joyce, McFarland + McFarland, LLP, is appointed as Liaison Counsel for the Class. It is further

**ORDERED** that all other motions for appointment as lead plaintiff and for approval of counsel as lead counsel (Docs. 6, 13, 16, 25) are **DENIED**.

SIGNED at Houston, Texas, this 19th day of February, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE